IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOSHUA HARRIS**                                                                            **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO.: 3:25CV157-DMB-RP**
                                                             **LEAD CASE**

**PINNACLE BANK**                                                   **DEFENDANT**

CONSOLIDATED WITH

**JOSHUA HARRIS**                                                   **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO.:3:25CV158-MPM-JMV**

**PINNACLE BANK**                                             **DEFENDANT**

## ORDER GRANTING MOTION TO CONSOLIDATE

This matter is before the court on the Defendant Pinnacle Bank's Opposed Motion to Consolidate. ECF 19. Pinnacle Bank requests the consolidation of the above-styled and numbered actions brought against it in this court by the same plaintiff on the same day. The plaintiff opposes the motion.[1] The court finds the motion is well taken and should be granted.

The *pro se* plaintiff Joshua Harris brought both actions seeking damages and other relief as a result of Pinnacle Bank's alleged violations of the Fair Credit Reporting Act with respect to two respective Pinnacle Bank accounts – a credit card account and a line of credit account -- opened by Harris a day apart. In each action, Harris alleges Pinnacle Bank violated the FCRA by failing to conduct a reasonable investigation into Harris's disputes regarding the accuracy of

---

[1] In addition to his response and memorandum brief [ECF 20 and 21] filed in opposition to Pinnacle Bank's motion, the plaintiff subsequently filed, without leave of the court, an additional "response" [ECF 28} and then a "reply" [ECF 29] in further opposition to Pinnacle Bank's motion. These filings constitute improper sur-replies and will not be considered. *See Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Mississippi*, No 2:12-CV-184-KS-MTP, 2014 WL 1653108, at *2 n.3 (S.D. Miss. April 23, 2014) (declining to consider plaintiff's sur-reply filed without leave of court) (citing *Patton v. Bryant*, No. 3:13-CV-485-DPJ-FKB, 2014 WL 36618, at *5 (S.D. Miss. Jan. 6, 2014) (striking plaintiff's sur-reply filed without leave of court)).

the subject account information and by furnishing inaccurate account information to credit reporting agencies. Each action involves the reporting of account delinquencies and charge-off statuses by CRAs. Pinnacle Bank now seeks to consolidate the two actions, arguing that they involve common questions of law or fact and that consolidation will promote judicial efficiency and avoid inconsistent rulings. The court agrees.

Pursuant to Federal Rule of Civil Procedure 42(a), the court may consolidate actions that "involve a common question of law or fact." Factors the court considers when addressing a motion to consolidate include the following:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Kodaco Co., LTD. v. Valley Tool, Inc.*, No. 3:23CV211-GHD-JMV, 2023 WL 7663438, at *1 (N.D. Miss. Nov. 14, 2023) (quoting *Hawkins v. Cypress Point Apartments*, Nos. 3:19-cv-00939-KHJ-LGI and 3:19-cv-00940-HTW-LGI, 2021 WL 6773591, at *1 (S.D. Miss. Feb. 10, 2021)).

In the present case, the court finds that all these factors favor consolidation. The court recognizes, as Harris points out, that in one of his two actions he also brings a breach of contract claim for Pinnacle Bank's alleged failure to arbitrate the underlying credit dispute. However, the court does not believe that this additional claim renders the two actions unfit for consolidation.

THEREFORE, it is **ORDERED** that civil action number 3:25cv157-DMB-RP, entitled *Joshua Harris v. Pinnacle Bank,* is hereby consolidated with civil action number 3:25cv158-MPM-JMV, entitled *Joshua Harris v. Pinnacle Bank,* with No. 3:25cv-157-DMB-RP serving as the lead case and the style to read as above captioned.

The parties are directed to indicate in the caption of all documents filed with the court both the lead case number and the consolidated case number. The word "CONSOLIDATED" must appear directly under the lead case number before the first consolidated case number. Counsel for all parties are directed to docket and file all documents in the lead case unless directed otherwise. Documents may be filed in all cases so long as counsel places the words "FILED IN ALL CASES" in the caption under the last case number and electronically files the document in each and every case which the document is to be filed or appropriately spreads the filing according to the court's electronic case management and filing system. Plaintiff and Defense counsel are responsible for accurately and correctly following these requirements in all filings.

FURTHER, because the court did not consider Harris's improper sur-replies as discussed in footnote 1 herein, Defendant Pinnacle Bank's Opposed Motion to Strike [ECF 30] is terminated as MOOT.[2]

This, the 12th day of November, 2025.

    /s/ Roy Percy
    UNITED STATES MAGISTRATE JUDGE

---

[2] As to the matter of Harris's citation of fictitious legal authority to the court as alleged in Pinnacle Bank's motion to strike, the court will address that matter in show cause proceedings to be commenced by separate order.