**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JOSHUA HARRIS**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 3:25-cv-157-RPC-RP**

**PINNACLE BANK**                                                           **DEFENDANT**

CONSOLIDATED WITH

**JOSHUA HARRIS**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 3:25-cv-158-RPC-RP**

**PINNACLE BANK**                                                           **DEFENDANT**

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* following a Show Cause Hearing held on April 29, 2026, regarding Plaintiff Joshua Harris's use of fictitious and AI-generated legal citations in filings submitted to the Court.[1] Defendant Pinnacle Bank has also filed a Motion to Dismiss / Motion for Sanctions, seeking the sanction of dismissal for Plaintiff's use of such legal authorities. *See* [Doc. 46]. Having reviewed the record, the parties' submissions, and the applicable law, the Court finds that the sanction of dismissal with prejudice is warranted. Accordingly, all claims asserted by Plaintiff Joshua Harris are hereby DISMISSED WITH PREJUDICE. Defendant's [46] Motion to Dismiss / Motion for Sanctions and Plaintiff's [57] Motion to Vacate are therefore DENIED AS MOOT.

*RELEVANT BACKROUND*

Plaintiff Joshua Harris ("Harris") filed his *pro se* Complaint on May 23, 2025, asserting claims against Defendant Pinnacle Bank ("Pinnacle") under the Fair Credit Reporting Act, 15

---

[1] Docket numbers herein refer to lead case No. 3:25-cv-157.

1

U.S.C. § 1681 *et seq.*, as well as a state-law claim for breach of contract.[2] On September 16, 2025, Pinnacle filed a Motion to Consolidate this action with another case filed by Harris against Pinnacle, styled *Harris v. Pinnacle Bank*, No. 3:25-cv-158-MPM-JMV. *See* [Doc. 19]. Harris filed Responses in Opposition on September 26, 2025. *See* [Docs. 21, 22].[3] The Court granted the Motion to Consolidate on November 12, 2025. *See* [Doc. 34]. Below is a summary of Plaintiff's filings containing fictitious or erroneous legal citations.

## I.      Plaintiff's Response in Opposition to Motion to Consolidate

On October 30, 2025, counsel for Pinnacle notified Harris that his response in opposition to consolidation contained fictitious, AI-generated, and/or hallucinated legal citations and requested that Harris correct the misrepresentations with the Court. *See* [Doc. 30, Ex. A]. Specifically, the filing cited a non-existent case, "*United States v. Mississippi Power & Light Co.*, 714 F.2d 1366, 1371 (5th Cir. 1983)," and attributed language to *Dupont v. Southern Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966), an existing case, that does not appear in the opinion.

After Harris declined to correct the filing, Pinnacle filed a Motion to Strike Plaintiff's response. *See* [Doc. 31]. Once the Court learned that Plaintiff's response likely contained AI-generated legal citations, it ordered Plaintiff to appear and show cause. *See* [Doc. 35]. The first show cause hearing was held on December 2, 2025, and the Magistrate Judge found that Harris violated Federal Rule of Civil Procedure 11 by citing fictitious legal authority. *See* [Doc. 41]. Although the Magistrate Judge declined to impose sanctions at that time, it expressly warned

---

[2] Plaintiff is proceeding *pro se*. *See* [Doc. 1].

[3] Plaintiff also filed an additional Response in Opposition on October 29, 2025, and a Reply in Further Opposition on November 4, 2025. *See* [Docs. 28, 29].

Harris that any further violations could result in sanctions "up to and including dismissal" of the action. *Id.*[4]

### II. Plaintiff's Motion to Compel / Motion for Sanctions

Prior to the first show cause hearing, Harris emailed the Court a Motion to Compel and for Sanctions, which was docketed shortly after the hearing. *See* [Doc. 40]. On December 3, 2025, the Court denied the motion, in part because it also contained fictitious and AI-generated legal authority. *See* [Doc. 42]. Specifically, the filing referenced four non-existent authorities:

1. Local Rule 13-1;
2. Local Rule 7-3;
3. *Murray v. United States,* 526 U.S. 642, 652-55 (1999); and
4. *In regards to Air Transportation Syst.*, 201 F.4th 1299, 1415 (5th Cir. 2012).

Consequently, the Court entered a second Order to Appear and Show Cause on December 3, 2025. *See* [Doc. 43]. The Magistrate Judge ordered Plaintiff to appear on December 22, 2025, and show cause as to why sanctions should not be imposed for again citing fictitious legal authority. *Id.*

On the day of the second Show Cause Hearing, Pinnacle filed its Motion to Dismiss / Motion for Sanctions pursuant to Federal Rule of Civil Procedure 41(b). *See* [Doc. 46]. In light of that filing, the Magistrate Judge deferred ruling on the fictitious citations contained in [Doc. 40] and stayed the case pending resolution of Defendant's motion. *See* [Doc. 49]. Plaintiff has not filed a response to Defendant's motion despite the Court's instruction that the order staying the case did not "affect Plaintiff's responsibility to respond to the defendant's motion to dismiss and for sanctions." *Id.* at 2. On April 15, 2026, the Court entered a third Order to Appear and Show Cause

---

[4] Plaintiff was also required "to include in all further filings [with the Court] a signed certification that he has personally verified the existence and accuracy of all legal citations contained in said filing." [Doc. 41].

to address the fictitious legal citations contained in Plaintiff's Motion to Compel. *See* [Doc. 56]. A hearing was set for April 29, 2026. *See* [Doc. 56].[5]

### III.     Plaintiff's Motion to Vacate Stay

Then, on April 28, 2026—the day before the third show cause hearing—Harris filed a Motion to Vacate the Stay Order. *See* [Doc. 57]. This filing also contained fictitious legal authority, including references to "Local Rule 9-9" and "Local Rule 2-21," neither of which exist. The motion also cited several Federal Rules of Civil Procedure for propositions unsupported by the text of those rules.

Specifically, Plaintiff cited Fed. R. Civ. P. 16(b)(3)(B) for the proposition that parties must attempt in good faith to resolve discovery disputes before filing a motion to compel. [Doc. 57, at 3].[6] Next, Plaintiff cited Fed. R. Civ. P. 11(b)(2) for the proposition that "dismissal or denial…is improper" because inaccurate citations can later be corrected by order of the Court. *Id.*[7] Third, Plaintiff cited Fed. R. Civ. P. 11(b)(4) to support his argument that "[s]anctions are appropriate only for a knowing or reckless violation of the rule. A clerical citation mistake that is promptly corrected is not sanctionable." *Id.*[8]

At the April 29, 2026 show cause hearing, Harris admitted that he had submitted incorrect, fictitious, and AI-generated legal citations to the Court on numerous separate occasions across

---

[5] The Show Cause Hearing was originally scheduled for April 21, 2026. *See* [Doc. 52]. However, Defendant filed its [54] Motion to Continue and the hearing was reset for April 29, 2026. *See* [Doc. 56].

[6] Fed. R. Civ. P. 16(b)(3)(B) identifies contents that may be included in a court's scheduling order.

[7] Fed. R. Civ. P. 11(b)(2) provides that, by presenting a filing to the Court, a party or attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

[8] Fed. R. Civ. P. 11(b)(4) provides that, by presenting a filing to the Court, a party or attorney certifies that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

three separate filings. Harris further conceded that he failed to completely verify the authenticity of his citations before filing and that dismissal of this action was an appropriate sanction under the circumstances.

*LEGAL STANDARD*

Federal Rule of Civil Procedure 41 authorizes a district court "to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." ***Griggs v. S.G.E. Mgmt., L.L.C.***, 905 F.3d 835, 844 (5th Cir. 2018) (citation omitted); *see also* ***McCullough v. Lynaugh***, 835 F.2d 1126, 1127 (5th Cir. 1988); ***Carver v. Atwood***, 18 F.4th 494, 497 (5th Cir. 2021). Indeed, a "court has broad discretion and inherent authority to manage its docket, including the power to dismiss a case for a party's failure to obey the court's orders." ***In re Deepwater Horizon***, 988 F.3d 192, 197 (5th Cir. 2021) (citation omitted). This authority is not diminished merely because a litigant proceeds *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." ***Wright v. LBA Hospitality***, 754 F. App'x 298, 300 (5th Cir. 2019) (citation omitted).

Courts also possess the inherent power "to protect the efficient and orderly administration of justice and … to command respect for the court's orders, judgments, procedures, and authority." ***In re Stone***, 986 F.2d 898, 902 (5th Cir. 1992). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id. Pro se* litigants have "no license to…clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." ***Farguson v. MBank Houston, N.A.***, 808 F.2d 358, 359 (5th Cir. 1986). Upon a finding of bad faith or a willful abuse of the judicial process, federal courts possess the inherent, discretionary authority to dismiss an action. ***Woodson v. Surgitek***, *Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). The Fifth Circuit has recognized that bad faith includes circumstances in which "the

5

party practices a fraud upon the court or delays or disrupts the litigation or hampers a court order's enforcement." ***Williams v. Lockheed Martin Corp.***, 990 F.3d 852, 867 (5th Cir. 2021).

A Rule 41(b) dismissal may be with or without prejudice. *See **Long v. Simmons***, 77 F.3d 878, 879-80 (5th Cir. 1996). Although lesser sanctions such as fines or dismissal without prejudice are ordinarily preferred, dismissal with prejudice is appropriate where there exists "a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." ***Nottingham v. Warden, Bill Clements Unit***, 837 F.3d 438, 441 (5th Cir. 2016). Contumacious conduct may be described as "stubborn resistance to authority which justifies dismissal with prejudice." ***Millan v. USAA GIC***, 546 F.3d 321, 327 (5th Cir. 2008) (citation omitted).

To dismiss a case with prejudice, "at least one of three aggravating factors must be present: (1) delay caused by the plaintiff himself…; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." ***Collins v. Lane***, No. 4:22-cv-116-MPM-JMV, 2024 U.S. Dist. LEXIS 125982, at *6-7 (N.D. Miss. June 26, 2024) (citation omitted). Dismissal with prejudice is also warranted in "cases when the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." ***Id.*** at *7 (citation omitted). Put differently, dismissal with prejudice is reserved for egregious conduct.

*ANALYSIS*

Plaintiff was repeatedly warned throughout this litigation that continued submission of fictitious legal authority and failure to comply with court orders could result in dismissal of his case. First, on November 17, 2025, the Court warned that it would "impose sanctions against [Plaintiff], <u>up to and including dismissal of this action,</u> for failure to prosecute and/or failure to

6

comply with the rules or a court order." [Doc. 35 at 2] (emphasis in original). Then, at the first show cause hearing on December 2, 2025, the Court found that Plaintiff had violated Rule 11 for citing fictitious legal authority. *See* [Doc. 41]. Although the Court declined to impose sanctions at that time, it expressly warned Plaintiff that any further violations would "result in sanctions up to and including dismissal of this action." *Id.*

A day later, on December 3, 2025, the Court entered another Order to Appear and Show Cause concerning Plaintiff's Motion to Compel. *See* [Doc. 43]. The Court again warned Plaintiff that failing to comply with court orders would result in sanctions "up to and including dismissal of this action." *Id*. (emphasis in original). Plaintiff was cautioned yet again on April 1, 2026, that his repeated violations of Rule 11 and court orders could result in dismissal of this action without further notice. *See* [Doc. 52].

Despite these repeated warnings, Plaintiff filed another motion containing fictitious legal authorities the day before his third show cause hearing. *See* [Doc. 57]. At the April 29, 2026 hearing, Plaintiff acknowledged both that he repeatedly submitted fabricated citations and that dismissal was an appropriate sanction under the circumstances.

The record demonstrates a clear pattern of delay, contumacious conduct, and disregard for the Court's orders. Plaintiff's repeated submission of fabricated legal authority substantially delayed the progress of this litigation and resulted in "significant periods of total inactivity." *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988). Plaintiff also failed to respond to the defendant's Motion to Dismiss / Motion for Sanctions despite the Court's instruction that the stay order did not affect his responsibility to do so. *See* [Doc. 49]. Plaintiff's response is now approximately four months overdue.

The Court further finds that lesser sanctions would not serve the interests of justice. Plaintiff has already been found to have violated Rule 11 and has been provided with ample opportunities to proceed in compliance with the Federal Rules of Civil Procedure and this Court's orders. He has failed to do so. The delays in this case are attributable solely to Plaintiff's continued submission of fabricated legal authority.[9] Since the filing of this action on May 23, 2025, the Court has been forced to conduct three separate show cause hearings to address Plaintiff's fabricated citations. The case has also remained stayed since December 23, 2025, following Defendant's filing of its Motion to Dismiss / Motion for Sanctions to address Plaintiff's continued use of fictitious legal authorities. *See* [Docs. 46, 49].

Defendant Pinnacle Bank has likewise suffered actual prejudice because substantial resources have been diverted toward addressing Plaintiff's fabricated legal authorities and repeated violations of court orders rather than litigating the merits of the dispute.

Despite explicit warnings from the Court, Plaintiff repeatedly submitted filings containing fabricated legal authority and inaccurate representations of existing authority. This misconduct persisted even after the Court found that Plaintiff had violated Rule 11 and expressly warned Plaintiff that future violations could result in dismissal. The Court therefore concludes that Plaintiff acted, at minimum, with reckless disregard for the truthfulness and accuracy of representations made to the Court. Given Plaintiff's repeated submission of fabricated authorities after prior warnings and Rule 11 findings, the Court further concludes that Plaintiff's conduct was willful and in bad faith.

Under these circumstances, the Court finds that lesser sanctions would not adequately address Plaintiff's repeated misconduct, Rule 11 violations, and disregard of court orders.

---

[9] *See **Paskauskiene v. Alcor Petrolab, L.L.P.**, 527 F. App'x 392, 334 (5th Cir. 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself).

8

Dismissal with prejudice is therefore warranted pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority. As noted at the show cause hearing, Defendant may, should they so desire, file a separate motion seeking additional relief, including reasonable attorneys' fees and related costs, for the Court's consideration within fourteen (14) days of the entry of this Opinion and Order.

*CONCLUSION*

For the foregoing reasons, this action is hereby **DISMISSED WITH PREJUDICE.** Defendant Pinnacle Bank's [46] Motion to Dismiss / Motion for Sanctions and Plaintiff Joshua Harris's [57] Motion to Vacate are **DENIED AS MOOT**. Defendant may file a motion with the Court seeking additional monetary sanctions as it deems necessary within fourteen (14) days of the entry of this Opinion and Order. If Defendant does not request additional fees, a corresponding Rule 58 Final Judgment shall issue.

SO ORDERED, this the 7th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE